**UNITED STATES COURT OF APPEALS**
**For the First Circuit**

No. 15-1876

**UNITED STATES**

Appellee

v.

**DAMIEN HESS**

Defendant – Appellant

**RENEWED MOTION TO WITHDRAW AS COUNSEL**

District Court Counsel (collectively, "Counsel") for Defendant–Appellant Damien Hess ("Appellant") hereby respectfully renew their motion to withdraw as counsel for the Appellant. Counsel respectfully reiterates, and incorporates by reference herein, the facts and arguments of their prior Motion to Withdraw as Counsel (filed 9/2/15). The Court denied Counsel's prior Motion to Withdraw "without prejudice to reconsideration upon receipt from the defendant-appellant of a completed, signed selection of counsel form or an affidavit of counsel of record pursuant to 1st Cir. R. 46.6(b)." See Order dated 9/3/15. Because the Appellant has neither caused the required case opening documents to be filed, nor provided a signed selection of counsel form, Counsel now so moves for reconsideration and submits the required affidavit of counsel. See Exhibit 1. As grounds for reconsideration, Counsel avers and states:

Counsel was not retained to prosecute an appeal of the Appellant's case. The Engagement Agreement between Counsel and the Appellant specifically disclaims any such appellate representation. Moreover, Counsel neither prepared, nor participated in, the filing of the Appellant's Notice of Appeal. Nonetheless, Counsel are aware of their obligation to the

Appellant under L.R. 46.6(a) and L.R. 12.0(b). As such, Counsel has repeatedly advised the Appellant of the requirements and deadlines regarding preliminary filings by his appellate counsel, as well as the extended deadline, and related requirements, in view of the fact that the Appellant expressly informed Counsel he had made arrangements for separate appellate counsel.

The Appellant has previously informed Counsel that he has retained successor/appellate counsel to review his case and prosecute an appeal, if appropriate. See Exhibit 2. Moreover, the Appellant reiterated to Counsel as recently as September 21, "*I understand that you won't be filing an appeal for me. You are no longer responsible for any further responsibilities as they pertain to the appeals process.*" See. *Id*.

As a matter of due diligence, and because of the obligations imposed by the Court pursuant to L.R. 46.6(a), Counsel continues to monitor the docket for appellate counsel's appearance and the filing of the case opening documents required to perfect the Appellant's appeal. On September 21, both undersigned counsels again informed the Appellant, in separate emails, of his (and his appellate counsel's) obligations to file an appearance form, docketing statement and transcript report/order form by (the extended date of) September 23, 2015, or his appeal would be dismissed for lack of prosecution.[1] See Exhibit 3. The Appellant affirmatively responded to both these overtures that Counsel was not responsible for his appeal. See Exhibit 2. Moreover, per the Order denying Counsel's prior motion to withdraw, "A form for selection of counsel on appeal has been sent directly to the defendant-appellant with a copy of this order." Upon information and belief, the Appellant has not returned the form. It is clear from the Appellant's statements, as well as his failure to return the selection of counsel form, that

---

[1] Indeed, Counsel's paralegal previously emailed the Appellant regarding the Order extending the deadline to September 23, and attached .pdf copies of the required case opening documents, as well as a selection of counsel form. See Exhibit 3.

2

Counsel's only recourse at this point is to again request the Court's permission to withdraw from the case.

Based upon the foregoing, Counsel respectfully move they be permitted to withdraw. In support of this request, Counsel submits an affidavit pursuant to 1st Cir. R. 46.6(b). See Exhibit 1.

WHEREFORE, Counsel respectfully request they be permitted to withdraw as counsel.

Dated: September 23, 2015                    Respectfully submitted,

/s/ R. Bradford Bailey
_____
R. Bradford Bailey, BBO#549749
Adamo L. Lanza, BBO#689190
BRAD BAILEY LAW, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
Tel.: (857) 991-1945
Fax: (857) 265-3184
brad@bradbaileylaw.com
adamo@bradbaileylaw.com

### Certificate of Service

I, R. Bradford Bailey, hereby certify that on this the 23rd day of September, 2015, I have caused a true copy of the foregoing *Motion to Withdraw as Counsel* to be served upon all parties registered with ECF for this matter by virtue of transmitting the same to the Court via the CM/ECF system, and, further, that I have caused a true copy of the foregoing to be served by email and First Class Mail upon the Appellant, Damien Hess, at his last known address.
.

/s/ *R. Bradford Bailey*
R. Bradford Bailey