# UNITED STATES COURT OF APPEALS
## For the First Circuit

No. 15-1876

**UNITED STATES**

Appellee

v.

**DAMIEN HESS**

Defendant – Appellant

**SUPPLEMENTAL AFFIDAVIT OF R. BRADFORD BAILEY IN SUPPORT OF RENEWED MOTION TO WITHDRAW AS COUNSEL**

I, R. Bradford Bailey, being duly sworn, do hereby depose and state:

1. I am the owner/principal of the law firm of Brad Bailey Law, P.C. ("the Firm"). Along with my Associate, Adamo Lanza, we represented Defendant-Appellant Damien Hess ("Mr. Hess") in the underlying case in the U.S. District Court for the District of Massachusetts.

2. The Engagement Agreement between Mr. Hess and the Firm was for District Court representation only, and even then, solely for the purpose of representation at sentencing. The Engagement Agreement specifically disclaimed any related appellate representation.

3. Mr. Hess informed my Associate as far back as March 19, 2015, that he had successor/appellate counsel reviewing his case for a possible appeal. Mr. Hess also informed me that neither I, nor my Firm, would be involved with his appeal.

4. I am aware of my continuing obligations to Mr. Hess under the rules of professional conduct, generally, and pursuant to Local Rules 46.6(a) and 12.0(b), specifically.

5. I am aware that Mr. Hess' successor counsel has not filed a an appearance form, docketing statement and/or transcript report/order form in conjunction with the Notice of Appeal he filed (apparently *pro se*) on July 28, 2015. However, he did file a Notice of Appeal, witnessed by an individual named Mark Henson, who, as I recall, has in the past represented himself to be a paralegal.

6. My Firm and I informed Mr. Hess on multiple occasions that he needed to file the aforementioned documents by September 2, 2015, or his appeal would be dismissed for lack of prosecution.

7. Mr. Hess did not reply to any such related correspondence prior to the filing deadline.

8. On September 2, 2015, I filed a motion to withdraw as counsel, including a request to extend Mr. Hess' filing date.

9. This Honorable Court denied my motion withdraw "without prejudice to reconsideration upon receipt from the defendant-appellant of a completed, signed selection of counsel form or an affidavit of counsel of record pursuant to 1st Cir. R. 46.6(b).," but did extend Mr. Hess' filing date to September 23, 2015.

10. My office informed Mr. Hess of the extended filing date, and again reminded him of his (and his appellate counsel's) obligations regarding the filing of case opening documents on September 23, 2015, and that if he failed to meet these obligations his appeal would be dismissed for lack of prosecution.

11. Mr. Hess responded by email, dated September 21, 2015, that he did not want to hire my office to handle his appeal; that he found another firm to handle his appeal; and that he believed my office had no further responsibilities as they pertain to his appeal.

12. Upon information and belief, the Court sent a selection of counsel form directly to Mr. Hess with a copy of the Order denying my prior motion to withdraw.

13. Upon information and belief, Mr. Hess has not returned the selection of counsel form.

14. I am not aware whether or not Mr. Hess and/or his successor/appellate counsel actually intend to pursue an appeal.

15. Because Mr. Hess has made it clear he does not wish to be represented by me or my Firm on appeal, and because he has not, upon information and belief, returned the selection of counsel form provided by the Court, I believe I have no reasonable alternative but to move to withdraw.

16. I believe my Firm and I have fulfilled our obligations to Mr. Hess, and are moving to withdraw from the case on a good faith basis.

SWORN TO UNDER THE PAINS AND PENALTIES OF PERJURY THIS 23RD DAY OF SEPTEMBER, 2015:

                                                   /s/ *R. Bradford Bailey*
                                                   R. Bradford Bailey